IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Criminal No. DKC 14-0082 |
| | : | |
| EUGENE R. LEWANDOWSKI | : | |
| | : | |

**MEMORANDUM OPINION**

Presently pending and ready for resolution is a motion by Petitioner Eugene Lewandowski ("Petitioner") to seal his criminal case (ECF No. 60), and a motion by the United States of America ("the government") to seal its response. (ECF No. 61). The issues have been briefed, and the court now rules, no hearing being deemed necessary. Local Rule 105.6. For the following reasons, Petitioner's motion to seal will be denied, and the government's motion to seal will be granted in part and denied in part.

**I. Background**[1]

▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇   ▇▇▇▇▇▇▇

▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

---

[1] This section of this Memorandum Opinion will be filed under seal as it recounts other portions of the record that are under seal. A redacted version of this Memorandum Opinion will be filed on the public docket, while the full version will remain under seal.





## II. Procedural History

On October 19, 2020, Petitioner filed a motion to seal his criminal case, itself filed under seal. He asserts that inmates where he is incarcerated often "look into other inmates['] crimes of conviction." Because the prison is not "a protective custody yard," such knowledge may spread and lead to the assault of that inmate by others. The motion alleges that prisoners use the institution's "electronic law library (Lexis Nexis)," and other sources like Pacer.gov, to look up inmates' case history. He argues that unless his case is fully sealed, the "documents" that detail his crime will "remain public which threatens Lewandowski's health and safety." While such an order would effectuate a complete and rather immediate block to the public's access to these

3

documents, initiated through the Clerk's office, Petitioner further requests it "be served on the Warden" of his current institution. (ECF No. 60) (filed under seal).

In response, on November 6, the government filed its own motion to seal that seeks to seal itself and its opposition to Petitioner's motion to seal, as the legal memorandum and its attachment contain private medical information and "confidential information pertaining to the case." (ECF No. 61) (filed under seal) (citing ECF Nos. 62 and 62-1)(filed under seal). Petitioner replied on November 30. (ECF No. 63) (filed under seal).

### III. Petitioner's Motion to Seal

Petitioner purports to bring his "Motion to Seal Criminal Case" pursuant to Local Rule 105.11, and the government cites to that rule in response, but it does not apply to criminal cases. Local Rule 207. More fundamentally, petitioner's request is to seal his *entire* criminal case and conviction and so is more akin to an expungement request than a standard motion to seal. While the government has not challenged the court's jurisdiction, it must be noted *sue sponte* that such jurisdiction is lacking here to the extent Petitioner seeks expungement of his record.

    **A.   Expungement**

This court has explained the strict limitations governing a federal court's ability to expunge criminal records in a closed criminal case:

> Although unpublished . . . [*United States v.*] *Mettetal* [,714 Fed.Appx. 230, 234-35 (4th Cir. 2017)] noted a growing trend among its "sister circuits" that *Kokkonen* [*v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375 (1994)] outright "bars federal courts from invoking ancillary jurisdiction to expunge criminal records for purely equitable reasons." *Id.* at 234 (quoting, among others, *United States v. Dunegan*, 251 F.3d 477, 479 (3d Cir. 2001)) ("finding that, when a petition rests on equitable grounds, 'a District Court does not have the jurisdiction to expunge a criminal record, even when ending in acquittal'"); *see also* 13 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3523.2 (3d ed. 2020) ("The Seventh Circuit reconsidered its older authority and concluded that district courts lack ancillary jurisdiction to expunge the judicial record in a criminal case on equitable grounds. The Fourth Circuit has now reached the same conclusion. To date, then, eight courts of appeals have agreed that a criminal record may not be expunged on equitable grounds.")
>
> Subsequent orders in this district have relied on *Mettetal* when denying an expungement request . . . and have squarely rejected equitable relief sought for "facts collateral to or arising after the case is over." *United States v. Fuller*, No. 8:17-po-1627-TMD, 2020 WL 6710786, at *1 (D.Md. Nov. 6, 2020). This follows a logical proposition around which other courts are coalescing: a request to expunge records many years after the proceedings have ended does not "enable a court to 'vindicate its authority' or 'effectuate its decrees' " as to fit . . . the [] circumstance[s] allowing for expungement in *Kokkonen*. *Id.* (quoting *United States v. Wahi*, 850 F.3d 296, 300 (7th Cir. 2017)). Insofar as the petitioner seeks expungement of her record on equitable grounds, her request will be denied for a lack of jurisdiction

5

*United States v. Savage*, No. DKC 16-0484-34, 2020 WL 7770982, at *2-*3 (D.Md. Dec. 30, 2020) (footnotes omitted).

*Savage* explained that there is no jurisdiction to seal a petitioner's charging documents and lawfully issued indictment after the case is closed, even though the "stigma such charges carries is quite real." *Id.*  The alleged collateral consequences in this case are arguably more dire: petitioner alleges that he faces a constant physical threat to his safety from other inmates if his conviction remains publicly accessible.  Regardless, in either case, a federal court has no power to remove lawful and finalized criminal proceedings from the public eye years after it resolves a matter.  This is even more clear in the face of a finalized conviction, as opposed to mere indictment.  Just as in *Savage*, moreover, even if the request is construed as a simple motion to seal, and the merits of the request are reached, the motion will still be denied.

**B.   Motion to Seal**

The government aptly describes the scope of petitioner's request: he seeks "to entirely seal his criminal case — the indictment, his plea agreement, the statement of facts attached to his plea agreement, the sentencing memoranda, his judgment, his Section 2255 motion . . . . In essence, Lewandowski is asking the Court to suppress all trace of his federal prosecution." (ECF No.

62, at 4) (filed under seal). While the request to seal was similarly expansive in *Savage*, the court went on to write:

> There is some authority in this district and circuit for treating a more limited request to seal portions of a criminal record under the usual standard for motions to seal. *United States v. Echols*, No. 13-po-11031, 2017 WL 839527 (D.Md. Mar. 3, 2017); *United States v. Ware*, No. 5:97CR47-02, 2015 WL 2137133, at *1 (N.D.W. Va. May 7, 2015) *aff'd mem. per curiam*, 627 Fed.Appx. 261 (4th Cir. 2016) ("[T]he defendant requests that this Court seal her criminal record. This Court will therefore construe the defendant's letter as a motion to seal").
>
> This standard sets a very high bar, however:
>
>> It is well settled that the public and press have a qualified right of access to judicial documents and records filed in civil and criminal proceedings. *See Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 580 n.17 (1980); *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597 (1978); *Media Gen. Operations, Inc. v. Buchanan*, 417 F.3d 424, 428 (4th Cir. 2005). The right of public access springs from the First Amendment and the common-law tradition that court proceedings are presumptively open to public scrutiny. *Va. Dep't of State Police v. Wash. Post*, 386 F.3d 567, 575 (4th Cir. 2004) . . . . The common-law presumptive right of access extends to all judicial documents and records, and the presumption can be rebutted only by showing that "countervailing interests heavily outweigh the public interests in access." *Rushford* [*N.Y. Mag., Inc.*], 846 F.2d [249,] 253 [4th Cir. 1988].

7

Savage, 2020 WL 7770982, at *3 (quoting Doe *v. Pub. Citizen*, 749 F.3d 246, 265 (4th Cir. 2014)).

The government stresses that the First Amendment demands a right to access in criminal proceedings that is harder to overcome; the "closure" of the record must serve a compelling interest, there must be a "substantial probability" of harm to that interest without it, and no alternative means to protect that interest. (ECF No. 62, at 3) (filed under seal) (quoting *In re Wash. Post Co.*, 807 F.2d 383, 392-93 (4th Cir. 1986)).

The "countervailing interest" here is Mr. Lewandowski's safety in prison, as he alleges that "inmates frequently use . . . the Prison's law library (Lexis Nexis)" to "look into other inmates['] crimes of conviction."  Petitioner, does not assert that specific episodes of violence or assault have occurred, however, but rather that the "mere facts [of his case], if discovered by other inmates could result in him being assaulted or even killed."  He asserts that the BOP has expressed a "willingness to remove an inmate's case from their electronic law library if the court issues an order to seal a case"; he argues this is an explicit acknowledgement of the danger one "convicted of child pornography offenses" faces as an inmate.  Similarly, he points to a "new rule" that attempts to "curb" an alleged increase in episodes "with inmates requesting or 'checking' paperwork to

8

determine whether an inmate is a sex offender." (ECF No. 63, at 5) (citing "28 CFR 541") (filed under seal).[3] Lastly, he argues the public interest in access to this case is diminished because this is a "typical run-of-the mill child pornography case that has no precedential value." (ECF No. 60, at 1-4) (filed under seal).

The government counters that Petitioner has been in custody since early 2014 and an inmate in the federal system for more than five years. Nevertheless, he has provided "no factual support for his prediction that other inmates will use the docket to learn the details of his case and physically harm" him. Any effort to provide such detail, moreover, would be futile, the government argues, because his prison medical records — attached to its opposition — "do not reflect a single instance of a fellow inmate assaulting" Petitioner.

Petitioner argues in reply that such an absence is not dispositive as many assaults go unreported "for fear of loosing [sic] good time credit." He also says the government has failed to inform the court that prison officials ordered his separation "recently" from another "non-sex offender" inmate, without explaining why. The burden to show a real and immediate danger is

---

[3] This is in apparent reference to prison regulations that list a series of "High Severity Level Prohibited Acts" that include "Requesting, demanding, pressuring, or otherwise intentionally creating a situation, which causes an inmate to produce or display his/her own court documents for any unauthorized purpose to another inmate." 28 C.F.R. § 541.3 (Table 1, ¶ 231).

on Petitioner, however, not the government.  Petitioner provides evidence that this is a matter of real concern for prisons, but has not produced a real, immediate threat beyond the speculative. Such anticipated danger exists equally for anyone convicted of a sex offense, and so granting this motion, as the government argues, "would be an invitation to seal every similar state and federal child pornography case in the country."

The government is right, moreover, that even if Petitioner could prove concrete and immediate threat of harm in not sealing his record, the remedy sought would be ineffectual.  The details of the crimes he committed are readily available from multiple public sources already.  Indeed, "[t]here is no compelling governmental interest in protecting information that is already public."  *Savage*, 2020 WL 7770982, at *4 (quoting *Under Armour, Inc. v. Body Armor Nutrition, LLC*, No. JKB-12-1283, 2013 WL 5375444 at *9 n.7 (D.Md. Aug. 23, 2013)).  Petitioner argues that the public reporting on his case provides "The Public" "alternatives to find information about" his case, and thus actually cuts in favor of its sealing.  The law tasks Petitioner with ensuring there are no less drastic "alternatives" to sealing, however. Petitioner has not pointed to interests that can rebut the strong presumption in favor of transparency in judicial proceedings, particularly given the nature of his crime.

While the details of Petitioner's underlying crime are not directly relevant, the government rightly argues it constitutes a "horrific offense" and any attempt to describe it as "run-of-the-mill" is "troubling and wrong."  His sentence, the government argues, was severe, in part, to act as a form of general deterrence to others who might commit similar crimes.  This is a compelling interest and the government argues that Petitioner has failed to explain how "less drastic alternatives" to protect him, such as moving him "to a different facility or placing [him] in protective custody," would not suffice.  Petitioner counters that "the [g]overnment could never prove that the BOP can guarantee Lewandowski's safety" and that such measures would only be reactive in nature in not taking place "until after an assault occurred." But Petitioner again mistakes the burden of proof, and the BOP's allegedly failure to *guarantee* his safety, in the face of potential but unrealized danger, does not provide cognizable grounds to grant his request to seal his record in its entirety.  Petitioner's motion to seal will be denied as the public's right to access in this case far outweighs any compelling interest that he identifies.

Petitioner's motion and his reply are sealed by virtue of his blanket request to seal his entire case.  Nevertheless, there is no indication that he wishes these documents to be sealed for any reason apart from his wish to keep the entire case out of the public realm.  Neither is styled as a "sealed" motion, and with

11

the interest in transparency eclipsing the concerns Petitioner voices in his larger request, there is no compelling reason that these documents should remain under seal, either.

## IV.  The Government's Motion to Seal

The government moves to seal its opposition to Petitioner's motion, along with its sole attachment — a series of medical records from Petitioner's time in prison, as well as this motion itself.  (ECF No. 61) (filed under seal) (citing ECF Nos. 6 and 62-1) (filed under seal).  It argues that the response contains "information pertaining to the case" and the exhibit contain Petitioner's medical information, both of which "should not be made public."  The government does not highlight which particular details are not already in the public domain but simply states "[n]o reasonable alternatives to sealing" exist.  (*Id.*).

With the previous rulings in this matter remaining public, there is little to be gained by unsealing the government's response, except insofar as its arguments are relied on in this opinion.  The attached medical records of petitioner are undoubtedly private in their entirety and so redaction would not be feasible.  Similarly, where the facts presented in the government's memorandum go beyond those already detailed in previous opinions is unclear and so redaction would be overly cumbersome, if not impossible.  The government's sealed motion to seal will be granted in part and its opposition and supporting

documents will remain under seal.  There seems little reason to seal the government's motion to seal itself, however, as its substance is almost entirely detailed and relied upon in this opinion and as this document does not itself recount any of the case details or personal medical information to which it obliquely refers.  (*See* ECF No. 61) (filed under seal).  The motion will be denied insofar as it seeks to seal itself.

### V. Conclusion

For the foregoing reasons, petitioner's motion to seal the case will be denied, and the government's motion to seal will be granted, only in part.  A separate order will follow.

                                          /s/
                                    DEBORAH K. CHASANOW
                                    United States District Judge